UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16cv677-FDW

| MAURICE L. STROUD, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| JACK CLELLAND, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court upon initial review of Petitioner Maurice L. Stroud's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

Petitioner is a prisoner of the State of North Carolina. On September 19, 2016, he signed and placed the instant § 2254 petition in the prison's mail system. (Pet. 14, Doc. No. 1.) It was received and docketed in this Court on September 21, 2016.

Federal law requires that a petitioner seeking habeas review of his state conviction and/or sentence in federal district court pay a filing fee in the amount of $5.00 or be granted leave to proceed without prepayment of fees and costs. See 28 U.S.C. §§ 1914, 1915. To establish an inability to pay, a habeas petitioner must file "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rules Governing Section 2254 Cases in the United States District Courts, Rule 3(2).

On September 21, 2016, the Clerk of Court mailed Petitioner a notice of deficiency alerting him that he was required to pay the $5.00 filing fee or an application to proceed without

1

prepayment of fees and affidavit of indigency. Petitioner was provided twenty-one (21) days to file one or the other.

On October 19, 2016, the Clerk of Court mailed Petitioner a second notice of deficiency, providing him another 21 days to pay the $5.00 filing fee or an application to proceed without prepayment of fees and affidavit of indigency. (Doc. No. 2.) The notice also warned Petitioner that if he did not comply with this filing requirement, his Petition could be dismissed without further notice for failure to prosecute. (Id.)

As of the filing of this Order, Petitioner has filed neither the fee nor an application to proceed without prepayment of fees and affidavit of indigency. He has had more than sufficient time to do so. Therefore, the Court will dismiss the habeas petition without prejudice to Petitioner's ability to refile it, along with a $5.00 filing fee or an application to proceed without prepayment of fees and affidavit.

**IT IS, THEREFORE, ORDERED** that:

1) The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED without prejudice**; and

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive

procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: December 5,

Frank D. Whitney
Chief United States District Judge